## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>UNITED TECHNOLOGIES CORPORATION<br><br>and<br><br>ROCKWELL COLLINS, INC.,<br><br>　　Defendants. | CASE NO. 1:18-cv-02279-RC<br><br>JUDGE:  Rudolph Contreras |

## MOTION AND MEMORANDUM OF THE
## UNITED STATES IN SUPPORT OF ENTRY OF FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. §16(b)-(h) ("APPA" or "Tunney Act"), Plaintiff United States of America ("United States") moves for entry of the proposed Final Judgment, originally filed in this civil antitrust proceeding on October 1, 2018, a copy of which is attached hereto as Exhibit A.  The proposed Final Judgment may be entered at this time without further hearing if the Court determines that entry is in the public interest.  *See* 15 U.S.C. § 16(e).  The Competitive Impact Statement ("CIS") filed on October 10, 2018, explains why entry of the proposed Final Judgment is in the public interest. The United States also is filing simultaneously with this motion a Certificate of Compliance, attached hereto as Exhibit B, setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the APPA's waiting period has expired.

**I.     BACKGROUND**

On October 1, 2018, the United States filed a civil antitrust Complaint alleging that the proposed acquisition likely would substantially lessen competition in the worldwide markets for

the development, manufacture, and sale of pneumatic ice protection systems for fixed-wing aircraft ("aircraft") and trimmable horizontal stabilizer actuators ("THSAs") for large aircraft in violation of Section 7 of the Clayton Act, 15 U.S.C. §18.

Concurrent with the filing of the Complaint, the United States filed a Hold Separate Stipulation and Order ("Hold Separate") and proposed Final Judgment, which are designed to eliminate the anticompetitive effects that would have resulted from UTC's acquisition of Rockwell Collins. The Hold Separate Order, which was signed by the Court on October 1, 2018, provides that the proposed Final Judgment may be entered by the Court after the completion of the procedures required by the APPA. Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II.    COMPLIANCE WITH THE APPA

The United States has now complied with all of the requirements of the APPA. On October 10, 2018, the United States filed a CIS; the proposed Final Judgment and CIS were published in the *Federal Register* on October 17, 2018 (*see* 83 Fed. Reg. 52542); and a summary of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, were published in *The Washington Post* for seven days beginning on October 15, 2018, and ending on October 21, 2018. The APPA requires a sixty-day period for the submission of written comments on a proposed Final Judgment. *See* 15 U.S.C. § 16(b). The sixty-day public comment period terminated on December 20, 2018. The United States received no comments.

Simultaneously with this Motion and Memorandum, the United States is filing a Certificate of Compliance that states that all the requirements of the APPA have been satisfied.

It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgment.

### III. STANDARD OF JUDICIAL REVIEW

The Clayton Act, as amended by the APPA, requires that proposed consent judgments in antitrust cases brought by the United States be subject to a sixty-day comment period, after which the Court shall determine whether entry of the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination in accordance with the statute, the Court is required to consider:

> A. the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> B. the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B).

The Court can make the public interest determination based on the CIS alone. Section 16(e)(2) of the APPA states that, "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." In the CIS, the United States explained the meaning and proper application of the public interest standard under the APPA and now incorporates those portions of the CIS by reference. The public has had the opportunity to comment on the proposed Final Judgment as required by law. As explained in the CIS, entry of the proposed Final Judgment is in the public interest.

## IV. ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST

As described above, the United States alleged in its Complaint that the proposed acquisition likely would substantially lessen competition in the worldwide markets for the development, manufacture, and sale of pneumatic ice protection systems for aircraft and THSAs for large aircraft. As explained in the CIS, the proposed Final Judgment is designed to eliminate the anticompetitive effects that would have resulted from UTC's acquisition of Rockwell Collins by requiring the divestiture of the ice protection assets of Rockwell Collins to an acquirer acceptable to the United States and the divestiture of the THSA assets of Rockwell Collins to Safran S.A. or an alternative acquirer acceptable to the United States. There has been no showing that the proposed settlement constitutes an abuse of the United States' discretion or that the settlement is not within the zone of settlements consistent with the public interest.

## V. CONCLUSION

For the reasons set forth in this Motion and Memorandum and the CIS, the Court should find that entry of the proposed Final Judgment is in the public interest and should enter the Final

Judgment without further hearings.  Accordingly, the United States respectfully requests that the Final Judgment, attached hereto as Exhibit A, be entered as soon as possible.

Dated:  January 4, 2019                    Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

              /s/
Soyoung Choe
Attorney
United States Department of Justice
Antitrust Division
Defense, Industrials, and Aerospace Section
450 Fifth Street, N.W., Suite 8700
Washington, D.C.  20530
(202) 598-2436
soyoung.choe@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2019, the Motion and Memorandum of the United States in Support of Entry of Final Judgment was filed using the Court's CM/ECF system, which shall send notice to all counsel of record.

Dated: January 4, 2019                    /s/
                                          Soyoung Choe
                                          U.S. Department of Justice
                                          Antitrust Division
                                          Defense, Industrials, and Aerospace Section
                                          450 Fifth Street N.W., Suite 8700
                                          Washington, D.C. 20530
                                          Tel: (202) 598-2436
                                          soyoung.choe@usdoj.gov